**STATE ex rel PATRICK, Jr., Relator-Appellee, v. BALDINE et, Respondents-Appellants.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1267. Decided September 9, 1952.

Reed Battin, Warren, for relator-appellee.
Leo Luchette, Solicitor of the Village of Hubbard, for respondents-appellants.

## OPINION

Per CURIAM.

In this opinion the parties will be called relator and respondents respectively.

The trial judge sustained relator's motion to retax costs in an action in mandamus brought in the court of common pleas by relator, a member of the Police Department of the Village of Hubbard, against respondents, one of whom was the mayor thereof. Relator prevailed in that action in which respondent mayor was compelled to "set forth in detail a statement of the alleged guilt of said Joseph Patrick, Jr. (relator) claimed to be the cause of suspending him for thirty days from his position as patrolman of the Village of Hubbard, Ohio."

The trial judge treating relator's motion as an action for damages rendered judgment in favor of relator Patrick against "respondent in the sum of $500 together with all costs of this action."

Respondent Baldine appealed from that judgment to this court on questions of law, and by assignment of error contends that "the court erred in assessing damages, including attorney's fees, against respondent Mayor arising out of this mandamus action"; and argues that the issue presented by his appeal is "whether or not the court of common pleas may assess costs and reasonable attorney fees to the relator in a mandamus action where the relator has prevailed in the court of common pleas, has prevailed in the court of appeals, and has prevailed in the supreme court of the state of Ohio."

The law is so well settled that the trial judge could legally retax costs in the case we review and impose a penalty upon respondent that we will waste no time discussing it.

The question presented to us is whether he legally retaxed the costs; and whether he could allow relator damages as part of the costs in a mandamus action brought by relator individually in his own right and not as a taxpayer.

We answer the second portion of that question in the negative, and support our conclusion by §12299 GC, which provides:—

"When a peremptory mandamus has been directed to a public officer, body, or board, commanding the performance of a public duty specially enjoined by law, and the court finds that such officer, or a member of such body or board, without just excuse, refused or neglected to perform the duty so enjoined, it may impose a penalty not exceeding five hundred dollars, upon such officer or member. When collected it shall be paid into the treasury of the county wherein the duty ought to have been performed, and its payment shall be a bar to an action for any penalty incurred by such officer or member by reason of such refusal or neglect"

That section of the General Code is the only section thereof applicable to the proceedings we review.

Joseph J. Baldine was sued in his official capacity as Mayor of the village of Hubbard, and not as an individual.

As an individual he was a stranger to the action. No judgment could be legally rendered against him as an individual in the action we review.

It is apparent that the trial judge treated relator's motion as an action for damages, not one for retaxing costs. Clearly he was in error in doing so. His sole authority upon this motion was to tax the costs of the mandamus action and to impose a penalty not to exceed $500.00, which by the provisions of §12299 GC, would be required to be paid into the county treasury.

The judgment of the court of common pleas is reversed for error of the trial judge in sustaining relator's motion and in entering judgment in his favor, and in including attorney's fees as costs of the mandamus action, for which we find no authority.

The cause is remanded to the court of common pleas for further proceedings to be had in accordance with law.

GRIFFITH, NICHOLS and PHILLIPS, JJ, concur.